

**FILED**

**JUL 0 6 2006**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROSENBAUER AMERICA, LLC., | \* | CIV 06-4066 |
| | \* | |
| Plaintiff, | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER |
| | \* | GRANTING STAY |
| ADVANTECH SERVICE & PARTS, LLC; | \* | |
| THOMAS ABEL; CHERYL PRICE; and | \* | |
| MARK ATOLI, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants Advantech Service & Parts, LLC ("Advantech"), Thomas Abel, Cheryl Price and Mark Atoli have filed a motion to abstain or, in the alternative, to stay this case pending the outcome of a state court case in Ohio involving the same parties. (Doc. 9.) For the following reasons, the case will be stayed pending resolution of the Ohio case.

## BACKGROUND

The following facts were drawn from the submissions of the parties. Plaintiff Rosenbauer America, LLC ("Plaintiff"), a Delaware corporation with its principal place of business in Lyons, South Dakota, manufactures fire trucks. Advantech, an Ohio corporation, was a dealer for Plaintiff. Defendants Abel, Price and Atoli, Ohio residents, all are employees of Advantech; Price and Atoli also are owners of the company. On or about May 9, 2003, Plaintiff loaned Abel $150,000 to be used in expanding Abel's business, then known as Advantique, LLC, and Abel agreed not to compete with Plaintiff in the state of Ohio for three years after termination of his dealer relationship with Plaintiff. In February 2005, Plaintiff entered into a Loan Agreement with Defendants covering the initial loan to Abel and loaning Advantech an additional $125,000 for a total loan of $275,000. Each of the individual defendants personally guaranteed the $275,000 loan, and all Defendants agreed not to compete with Plaintiff in Defendants' territory for 18 months after termination of the February 2005 agreement.

On or about October 10, 2005, Plaintiff and Advantech entered into an amendment to the February 2005 loan agreement to realign Advantech's territory, reduce the outstanding indebtedness, recalculate loan payments and reduce the minimum back order of trucks sold but not yet delivered. Plaintiff asserts that Defendants promised Advantech would remain a dealer for Plaintiff for five years from and after October 10, 2005. In January or February 2006, Defendants terminated their dealer relationship with Plaintiff. Plaintiff believes the termination was a breach of the February 2005 loan agreement and the October 10, 2005 amendment. Plaintiff claims that notice of the breach was given to Defendants and the amounts due were accelerated. Defendants allegedly have failed to pay the amount due. In addition, Advantech has entered into a business relationship with a competitor of Plaintiff's, Emergency ONE ("E-ONE"). Plaintiff claims this relationship violates the noncompete provisions of the February 2005 agreement. In its Complaint filed on April 18, 2006, Plaintiff seeks payment of the amount due under the February 2005 agreement, payment of any profits earned by Defendants in violation of the agreement, along with and attorneys fees and costs. (Doc. 1.)

Defendants assert that Plaintiff's claims are barred by a settlement agreement reached between the parties after face-to-face negotiations in Canton, Ohio on March 16, 2006. A copy of the agreement is attached to Defendants' Answer to the Complaint in this case. It is a hand-written document signed by the individual defendants, a representative of Plaintiff, and a representative of Advantech. The attorney for Plaintiff, David L. Nadolski, avers in an affidavit that the document is "a preliminary, handwritten outline . . . setting forth an outline of the general terms of the settlement agreement reached between [the parties], subject to a formal written agreement to be signed by all the parties." (Doc. 14-2.) According to Nadolski, the parties engaged in further negotiations by e-mail on March 29 and March 30. Communication between the parties broke down and Defendants filed a Complaint against Plaintiff in Ohio state court on April 14, 2006, seeking specific performance of the parties' March 16 settlement agreement.[1]

---

[1] This action is filed in Stark County, Ohio Common Pleas Court in Canton, Ohio, Case No. 2006CV01540.

Defendants ask this Court to abstain or, alternatively, stay this case until the Ohio court determines the enforceability of the March 16, 2006 agreement between the parties. Plaintiff objects, arguing that neither abstention nor a stay are appropriate in this case.

## DISCUSSION

In support of their motion for abstention from the exercise of federal jurisdiction, Defendants rely for the most part on the abstention doctrine of *Colorado River Water District v. United States*, 424 U.S. 800, 817-818 (1976). The Supreme Court noted that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," and that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Nevertheless, a district court may stay its hand in certain exceptional circumstances, when it is motivated by considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (citations omitted). The task is not to find some substantial reason to exercise federal jurisdiction, but to ascertain whether there exist exceptional circumstances to justify the surrender of that jurisdiction. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 26-27 (1983). For a federal district court to abstain under *Colorado River*,[2] the proceedings in state and federal court must be parallel. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (internal quotation marks omitted). The lawsuit in Ohio concerns the enforceability of a settlement agreement reached by the parties. The lawsuit in this Court involves an alleged breach of a separate dealership agreement between the

---

[2]Other recognized abstention doctrines do not apply here. *See Younger v. Harris*, 401 U.S. 37 (1971) (a federal court should abstain where, absent bad-faith, harassment, or a clearly invalid state statute, federal jurisdiction is sought to be invoked to restrain state proceedings); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (a federal court should abstain where abstention would avoid an unnecessary conflict with the administration of a state's affairs in matters of substantial public concern); *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941) (a federal court should abstain where resolution of an unsettled state law question would render unnecessary the need to decide a federal constitutional question).

3

parties. The issues are completely different. Because the cases are not parallel, the *Colorado River* factors need not be balanced.

The inapplicability of abstention doctrines in this case does not preclude a stay. The Supreme Court has long recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Company*, 299 U.S. 248, 254 (1936). *See also Contracting Northwest, Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382 (8th Cir. 1983) (recognizing that federal courts have the inherent power to issue a stay when the interests of justice so require). A decision by the Ohio court that the settlement agreement between the parties is enforceable would render moot any decision of this Court on Plaintiff's breach of contract claim. The time and resources devoted by the Court, parties and witnesses would be wasted. In the interests of the parties and of judicial economy, the Court determines that a stay is warranted pending the outcome of the Ohio case.

It appears that, in the Ohio case, the court has scheduled a mediation conference for July of 2006, and the case is set for trial on September 18, 2006. In order to allow sufficient time for the Ohio court to issue a ruling, this case will be stayed until December 1, 2006 at which time the Court will consider whether a further stay is necessary. Accordingly,

IT IS ORDERED:

1. That the Motion to Abstain or, in the Alternative, to Stay Case, doc. 9, is granted to the extent that this case will be stayed until December 1, 2006.

2. That at least one week prior to December 1, 2006, the parties shall file with the Clerk of this Court a report on the status of the Ohio case so that the Court may consider whether to extend the stay. If the Ohio case is resolved at any time prior to December 1, 2006, the parties shall immediately inform this Court.

4

Dated this 6th day of July, 2006.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Deb Jetty
　　　　DEPUTY